The next case is number 221301, Puerto Rico Fast Ferries LLC v. SeaTran Marine, LLC, et al. At this time, would counsel for the appellant introduce himself on the record to begin? Good morning, Your Honors. Mauricio Muñiz, Luciano, on behalf of Plaintiff Appellant. May it please the Court, I would like to reserve three minutes for rebuttal. You may have three minutes. Your Honors, this case is on appeal on the erroneous dismissal of plaintiff's complaint. And in doing so, the District Court appeared not to have followed the Motion to Dismiss standard that this Court, in its inaugural review, should follow. And that standard is that all well-pleaded complaint allegations must be taken as true and all inferences, reasonable inferences, should be made in plaintiff's faith. In the complaint, other than giving some background of the previous relationship between the parties that had expired with the last short-form expiration on April 2020, plaintiff's complaint went into great detail about the negotiations and agreements reached commencing in March 2021. And based on those representations and agreements reached, then plaintiff made a proposal to the Puerto Rico Maritime Transportation Authority to obtain a business to serve some emergency service of the maritime transportation between the main island and Vieques and Culebra. Unbeknownst to our client, defendants, at the same time they were negotiating and entering into these agreements with our client, they were negotiating with a competitor for the same business with the same vessel. And this resulted in the loss of business opportunity to our client, plaintiff, in this case. That is why this caused damages. And the complaint is clear that there was a breach of contract claim of the agreement reached in March 2021 and the alternative, a culpa en contraendo extra-contractual claim on the Puerto Rico tort. Those are the complaint allegations. Can I start with a question on the duration of the contract element? So how exactly are the master agreement and the short form inconsistent on duration? And I guess what I'm thinking of is how is it inconsistent to have a charter on the short form with the definite end date and then a master agreement with the indefinite date or no date? I will direct you to specifically Articles 2, 3, and 29 of the agreement, of the master agreement, which it is our position it expired when the last short form expired. Why? Because in those three articles, they make clear that the master agreement and the short form taken together are the agreement between the parties. There's no provision under the master agreement that states that it will survive by and of itself without any short form. If you go specifically to Article 2, and it's titled Contract Form and Duration, it again restates that the master agreement and short form taken together are the entire agreement. And if it goes a step further and says if there's any inconsistency or conflict, the short form is the one that prevails. Yeah, but what's the inconsistency? That's the question. Yeah, the master agreement Article 2 did not contain a duration or expiration date. That was provided through the short form. But it does contain a method of terminating the contract. That provision on Article 2 has some specifics, but the inconsistency is that our position is that the short form provides that duration or expiration. Since then, the parties have not made... I know that's your position, but the question is why is it inconsistent with the master contract, which does, in fact, provide a means of termination. Because the parties agreed that the duration of the short term was the one that's going to prevail based on the second sentence that should there be any conflict or inconsistency between the terms of this agreement and the short form, the latter should prevail. Counsel, apart from the question of an inconsistency between the master agreement and the short form agreement with respect to duration, do you have an argument to the effect whether or not they're inconsistent? Still, the master agreement no longer applied to the relationship between the parties, and so the judge was wrong to conclude that the provision of the master agreement required mediation and the filing of claims in a different forum. But, again, independent of that consistency, the master agreement simply did not require resort to mediation to that forum. Do you have a...  I apologize. It's probably not a bad idea. I guess to try to reduce it to its essence, are you, do we have to agree with your consistency argument in order to conclude that the master agreement did not apply to the relationship between the parties? That's what I'm trying to get at. Actually, at this stage of the proceedings, at the motion to dismiss stage, the answer would be no because our contract claims, our breach of contract claims, are not based on the master agreement or a short form. So it's outside that context. It's also under Puerto Rico law, extra contractual claim in the culpa en contraendo. But you have a broader argument that the master agreement just doesn't apply at all. Is that correct? Correct. Okay, thank you. What law applies to the question of the master agreement's duration? I think in the briefs there's some citation. I'm not sure this matters to the... It makes reference to the maritime laws. So you would say admiralty? That's what the contract says, yes. But again, in terms of contract interpretation, both parties agreed that admiralty and Puerto Rico law in terms of contract, when the terms of a contract are clear, you abide by what the parties agreed in terms of the duration in our argument that a short form provided that expiration. Okay. Sorry, but I can continue. Aside from the issue of the one paragraph order dismissing this case, the other main issue is that the district court also dismissed the claims against defendant Citran. And Citran was not a signatory to the master agreement. There was no explanation in the district court's order why a mediation and forum selection clause applies to that defendant. And again, I go back to Justice Lopez's question and my response that our claims against that defendant also are outside the context of the master agreement or any short form. They're under Puerto Rico law based on their representations and agreements reached March 20 and March 2021 either through Puerto Rico or breach of contract law or the extra contractual court claim. So it is our position that... So the master agreement, is it your position that it has no validity if there are no short orders? Correct. Period. Correct. It has no independent contractual meaning. Correct. The master agreement doesn't have a provision saying it survives in and by itself and the parties are making no business at the end of the day. So there's no contractual relationship. And if you look at the short form, which are on the record, when a short form is entered, then the first sentence of the short form, it incorporates and gives validity to that master agreement. It could have been that through the March 2021 negotiations and agreements, we could have reached a new master agreement all by itself and negotiate all new terms and conditions. But our position is once the short form of April 2020 ended, the master agreement ended. Over the history of the relationship of the parties, there were a number of short form agreements that were entered into, right? I mean, there are a whole bunch of them. Is that correct? And then. And it incorporated the master agreement. Right. By name and date and all that. And there was an attempt to enter into another short form agreement, but those negotiations failed. Isn't that just a fact? I mean, those are the allegations, right? The allegations is, as stated in the complaint, is to reach an agreement. And if given the opportunity in court, we will prove those through e-mail communications, text, and our witnesses. Those. So there was under Puerto Rico law, we comply with the three elements of a contract, which is consent, cause, and object. So under Puerto Rico law, it is our position to reach that agreement. If not, we have the alternate argument that those pre-negotiations and reliance on those, there's still liability on the Puerto Rico court. Any other questions? In the end, our request is for the court to reverse the district court's one paragraph order and that the parties litigate in our chosen forum, which is the Puerto Rico courts. I do have one other question. In footnotes four of your brief, you've asked that if this court were to affirm the district court, that you'd be granted the opportunity to argue that the mediation and forum selection clauses weren't valid or enforceable under, I think it's MS Bremen. But did you make that argument in the district court to the district court? We did not make that argument because our argument from the get-go and throughout was that the master agreement had expired. So our position all throughout, and we did not brief that issue, is that because the master agreement didn't have any validity or expiration, we didn't have to argue either innovation or a meeting of the minds or, in this case, the Bremen factors for the new application. Thank you. Thank you. Thank you, counsel. At this time, if counsel for the appellees will please introduce themselves on the record to begin. Good morning, your honors. Benjamin Cadden on behalf of CTRAN LLC and Mr. Cade LLC. May it please the court. I believe the court has put its finger directly on the pulse of this case, which is whether the plaintiffs in their initial complaint alleged claims and causes of action that arise under or relate to the charter of the vessel, which is the very subject of the master time charter that's at issue here. That master time charter, as the court correctly noted, was executed and includes language contemplating not just an overarching relationship under the master time charter, which dictates the terms and conditions under which future charters will be negotiated, but it also dictates a number of other things, including insurance requirements, indemnity requirements. That was the overarching relationship between the parties. Each time the parties wanted to charter any vessel owned by Mr. Cade LLC, they entered into a short form. That happened seven separate times. At the conclusion of that seventh time, the parties returned the boat back to Louisiana, but as is set forth specifically in the plaintiff's complaint, there was a continuing contemplation of future work. In paragraph 15 of the complaint, they referenced the fact that certain demobilization efforts weren't undertaken because they wanted to be in a position to recharter the boat. In paragraph 16, they referenced the fact that there's going to be continuing negotiations about sending the vessel back to Puerto Rico to work for the Maritime Transportation Authority. Each of those continuing and future performances are specifically contemplated in this master time charter. If you look at Article 2, which has been off-cited by the appellant, it says the master time charter together with each short form. If it was intended to be inclusive of only one short form, there would just be a time charter, which is also a separate type of contract. This construct specifically contemplates futures. Were there gaps between any of the short orders in this case? Your Honor, if you look at the short forms, essentially what it looks like is that as they were reaching the conclusion of the relevant termination of the relevant charter term, they would extend for a period of time. So there are no gaps between those short forms, but I don't know that that's determinative as to whether the master time charter agreement had terminated. I would also note that nowhere in the complaint do the plaintiffs allege that the master time charter agreement terminated. Instead, they make reference repeatedly to the terms and conditions of that master time charter. I would also note, Your Honors, that they make reference to the underlying or correlating master time charter between the appellant and the Puerto Rican Maritime Authority, which can be found in the record at Appendix 199. That corresponding master time charter was executed eight days prior to the time charter with our client. That master time charter includes almost identical language throughout, with the exception of a number of things that are unique to dealing with the governmental authority. But it includes the following sentence. The duration of this master time charter shall be for an initial term of one year from the effective date and up into May 31, 2019, or the expiration of the term of the last short form, whichever is later. Eight days later, we negotiated a master time charter with my client. That sentence wasn't included. Instead, what was put together was a master time charter that contemplated a global relationship to exist in perpetuity, subject to the right of the parties to terminate on 90 days written notice. Sorry, that notion of a global relationship that will go on for perpetuity seems so strange, frankly. It seems to me what you had here was a relationship between the parties that was governed by two documents, the master contract and then the short form agreements that related to a specific vessel that was chartered for a specific period of time. It seems that the master agreement really had no relevance to the relationship between the parties until a short form agreement was entered into. You said there were seven or eight of those over the course of the relationship between the parties. Then there was a failed attempt to enter into another short form agreement, and apparently there were discussions that resulted in a more informal relationship that went awry, and that's the subject of the complaint. But I don't, in the absence of a short form agreement, I don't understand how those provisions of the master agreement relating to required mediation in the forum have any relevance at all. There's just no short form agreement that incorporates that master agreement that controls the relationship of the parties. I just don't get it, how that master agreement could continue to bind the parties in the absence of a new short form agreement. That's my basic problem. Well, Your Honor, I guess I would point to the fact that the master time charter is intended to govern any future contract. To your point, any future contract or relationship related to any vessel owned by Mr. Cade. What the complaint alleges, albeit not using the word short form, is that during the period between the return of the boat to Louisiana in March of 2021, the parties effectively negotiated a new short form. That short form was not reduced to writing. Therefore, we're living under the world where there is no short form but for the one that they allege. But the master time charter says, the master time charter agreement, together with each short form, shall be subject to all of these rights and obligations. I don't know that it's necessarily necessary that there be a short form or that we concede that there was a short form that had been properly executed in order to avail ourselves of the rights under the master time charter. Because the entire nature of the contract that they're alleging is the charter of the very vessel, which is the subject of the master time charter. It almost leaves us in an impossible situation where… So is this some kind of industry standard? And yes, Your Honor, this is very industry standard. Typically, in the oil and gas industry, in the vessel industry, it's a standard to enter into a master agreement that will control all future arrangements. It is extremely standard and normal to have gaps and interruptions between service. What this agreement says is that nobody is obligated to ever charter a boat or to hire a boat. But if you're going to charter or hire a boat that is owned by Mr. Cade LLC, it has to be pursuant to a written short form. And… What is your position on the actual duration of the master agreement? Is it just perpetual? Your Honor, my position is that on its clear and ambiguous terms, it is perpetual unless one of two things happens. Under Article 29, the parties could agree by written agreement to modify or presumably to terminate the master time charter. Alternatively, the sentence after, the sentence off-quoted by the appellant about inconsistency says each party may cancel any future charters under this agreement in any unexpired short form by giving 90 days notice. So were there to be a desire to escape the master time charter, there would have to be a specific either 90-day notice or the parties would have to agree in a subsequent written agreement, which did not take place in this instance. So then it would be wrong to call it perpetual? I believe that – I don't know that it's perpetual. It is indefinite, subject to a right to terminate. If I might. So in terms of the allegations of the complaint, no new short form agreement is entered into. There are discussions which from the plaintiff's perspective result in some understandings not reduced to writing that will control the charter of the same vessel they've been using for a long time. Is that correct? That's what's – and then they think they have an oral understanding about their right to continue to operate this vessel. But it turns out there were other negotiations going on which resulted in somebody else chartering the same vessel. Is that – based on the allegations, is that sort of what happened here? Well, Your Honor, and I did make a note to correct. There is nothing in the record to indicate that this same vessel was chartered to another party. I do believe that there were negotiations between our client and another entity as well as with that entity and various other boat-owning entities about chartering vessels. But with respect to the vessel that's at subject here, there is nothing in the record to indicate that that was occurring. Okay. But they thought they had some oral understanding, and then it turned out they didn't. Is that sort of what happened here? I believe that that's what the complaint sets forth, Your Honor. Right. Okay. And it's your position because that oral understanding, although it's obviously very different than a short-form agreement, it still involves a relationship between the same parties that have been working together for a long time. And so that oral understanding, although it's very different than a short-form agreement, continues to be governed by the master agreement. That's basically your position? To the extent that the parties wish to enter into any contract relating to the charter of the vessel, it had to be in writing and it had to be done in accordance with the terms of the master charter agreement. So when they allege the existence of a subsequent agreement, insofar as it's related to the vessel, the master time charter agreement, which did not expire or terminate because it wasn't terminated by the parties, would control whether such an agreement was valid or applicable. Okay. Okay. And that's basically the view the district court took, right? Yes, Your Honor. The other thing I wanted to quickly touch on, two separate things. Number one was the coal plane contrahendo claim. I'll just note for the court that is not something that was raised in the Statement of Issues on Appeal. It was not the dismissal of that claim was not brought up in the briefs. And therefore, at least with respect to the appeals before the court today, the dismissal of that claim has been waived for purposes of appeal. I want to ask you the same question I asked your opponent. What law applies to the question of the duration of the master agreement? Admiralty law, Your Honor. Okay. And let's see. I guess the final thing I will end with is this is not a case in which. Do you want to talk about C-TRAN at all? Yeah. Well, yes, Your Honor. With respect to C-TRAN, I'll touch on that first. We cited a number of cases in our briefs. I think most on point is the Intergen case and then also the Banco Popular de Puerto Rico, the Airborne Group, which speak directly to the fact that non-signatories to an agreement are entitled to invoke a forum selection and mediation clause to the extent that the scope and subject matter of the complaint or claims are related sufficiently or intertwined with the subject matter of the contract. So, to the extent, and which is the case here, that the entire scope of the claims against C-TRAN are, because they're an affiliated party, because they communicated with the plaintiffs through Mr. Miguez about the charter of the vessel that is the subject of the master time charter, those claims were rightfully related and C-TRAN was entitled to the benefit of that mediation and forum selection clause. And the final thing I will say, this is not an instance in which the appellant has no recourse against the defendants. This was a dismissal without prejudice. The defendant has the opportunity to mediate before a mediator mutually selected in Lafayette, Louisiana. The defendant has the opportunity to raise these very causes of action in the very forum chosen by the parties, which is the Western District of Louisiana. This is not the end of the defendant's, I mean, the appellant's opportunity to raise its claims. It just has to do so in the agreed-upon forum. If the court has no further questions, thank you, Your Honor. Thank you, counsel. Would counsel for the appellant please reintroduce himself on the record, three-minute rebuttal. Good morning, Your Honors. Again, Mauricio Mugniz on behalf of Plaintiff Appellants. I want to start by the end of Brother Counsel's argument about an alleged waiver of our group-bank contra-endo claim. That matter was not discussed as part of our briefings because the dismissal was without prejudice for mediation and the forum selection clause issues. The district court's opinion or one-page or one-paragraph opinion did not go into the merits of the different claims. It just referred them to mediation and the forum selection clause. So there was no waiver of any argument whatsoever. To Judge Lippe's comment about our complaint, whether there was an agreement, an oral agreement or writing, our factual allegations state for the record that those are between oral and written communications. So if given the chance to litigate this case in the district court, we will definitely have all the written communications that under Puerto Rico law will constitute an agreement and its breach. What about his basic argument is this case remains about the relationship between the same parties that were controlled for a long time by the master agreement. This is just a different form of the relationship between the same parties. So it's still governed by the master agreement. How do you respond to that? I disagree to that point because when a short form is entered, the master agreement is incorporated into the terms. Again, Article II, it's clear that the short form prevails over the terms of the master agreement. It is clear on Article II. And I'm glad to your question about whether the master agreement is valid into perpetuity. I'm glad the brother council brought the insurance requirements, Article XII, because if you go to Article XII of the master time charter agreement, it says that the owner will need to keep insurance covering the charter, in this case our client, over the duration of the agreement. When the last short form ended and the parties were not doing any negotiations, I'm pretty sure this is not on the record, but he's not going to keep policies, the other side is going to keep policies, insurance policies in perpetuity covering our client if no negotiations or no business is being done. So I think it raises or makes it even more evident that when the short form terminates, the master agreement needs to terminate also, not being in perpetuity, because if not to this day and 20 years later, there will have to be insurance policies covering our client. So I think that exposes the point why the master agreement needs to end when the short forms end. But again, this is in a motion to dismiss standard in which our complaint allegations need to be taken as true. Brother council mentioned that there's nothing on the record regarding some issues about the short form or anything. We haven't gotten that chance yet, Your Honor. And if we get that chance, we will definitely put a lot of evidence on the record to prove our two causes of action and hopefully prevail in this case. Thank you, Your Honor. Thank you, counsel. That concludes argument in this case.